IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:25-CR-088-H(01) |
| JOHIAN SCOTT (01) | |

## FACTUAL RESUME

In support of Johian Scott's plea of guilty to the offense in Count One of the indictment, Scott, the defendant; Eric Coats, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. § 846, that is, Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

<u>Conspiracy to Distribute and Possess with Intent to Controlled Substances:</u>

*First.* That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute methamphetamine;

*Second.* That the defendant knew of the unlawful purpose of the agreement;

*Third.* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

---

[1] Fifth Circuit Pattern Jury Instructions 2.97 and 2.95A (5th Cir. 2024) (modified to incorporate distribution of a controlled substance. *See United States v. Ambriz*, 727 F.3d 378, 382-84 (5th Cir. 2013)).

**Johian Scott**
**Factual Resume—Page 1**

*Fourth.*   That the overall scope of the conspiracy involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine; and

*Fifth.*   That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

Possession with Intent to Distribute Methamphetamine:

*First.*   That the defendant knowingly distributed or possessed a controlled substance;

*Second.*   That the substance was in fact methamphetamine; and

*Third.*   That the defendant distributed the substance or possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1.  Johian Scott, defendant, admits and agrees that from on or about a date unknown and continuing through on or about August 2, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally combine, conspire, confederate, or agree with persons known or unknown to commit an offense against the United States, that is, to knowingly or intentionally distribute or possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). All in violation of Title 21, United States Code, Section 846.

2.  On August 2, 2025, a trooper with the Texas Department of Public Safety (DPS) was on patrol on Interstate 40 in Oldham County, Texas, when he observed a black Toyota Corolla traveling above the posted speed limit, in violation of the Texas Transportation Code. The DPS trooper initiated a traffic stop on the vehicle for the violation. The driver was identified as Johian Scott, and the passenger was identified as Cameron Nesbitt.

3.  The trooper explained the reason for the traffic stop and told Scott that he would issue him a warning. As Scott exited the vehicle, the trooper spoke with Nesbitt. Nesbitt stated that he and Scott, who Nesbitt stated was his longtime friend, were traveling from California to Georgia to visit Nesbitt's brother. The trooper asked Nesbitt

**Johian Scott**
**Factual Resume—Page 3**

what Scott's name was, but Nesbitt could not answer. Nesbitt also could not say where he and Scott would be staying upon reaching their destination.

4. While the trooper conducted routine checks on his computer, the trooper spoke with Scott. Scott stated that his girlfriend had rented the vehicle, and that he and Nesbitt would be staying with Nesbitt's brother in Georgia.

5. Based on Scott and Nesbitt's conflicting stories, the DPS trooper requested a canine unit to respond to his location. The canine arrived and conducted a free-air sniff around the vehicle and positively alerted to the odor of narcotics. The DPS trooper then conducted a probable cause search of the vehicle. Inside the trunk, the trooper found a large black duffle bag containing numerous bundles of suspected methamphetamine.

6. The suspected methamphetamine was subsequently sent to the Drug Enforcement Administration (DEA) laboratory, and results confirmed the substance to be a total of 44.12 net kilograms of methamphetamine, a Schedule II controlled substance, with an actual weight of 43.67 kilograms and a purity of 99%. This amount of methamphetamine is only consistent with distribution.

7. The defendant agrees that the defendant committed all the essential elements of the offense. Specifically, Scott admits that he entered into an agreement with at least one other person to distribute and possess with intent to distribute methamphetamine. Scott admits that he knew of the unlawful purpose of the agreement and joined in the agreement willfully and with the intent to further its unlawful purpose. Scott admits that the scope of the conspiracy involved at least 500 grams of a mixture and

substance containing a detectable amount of methamphetamine and that he knew or reasonably should have known that the conspiracy involved at least this quantity.

8. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 5th day of February, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
JOHIAN SCOTT
Defendant

_____
STEPHEN J. RANCOURT
Assistant United States Attorney
Texas State Bar No. 24079181
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:  806-472-7398
Facsimile:  806-472-7394
E-mail:     stephen.rancourt@usdoj.gov

_____
ERIC COATS
Attorney for Defendant