IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CR-88-Z-BR |
| | § | |
| CAMERON NESBITT | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NESBITT'S MOTION IN LIMINE**

COMES NOW, CAMERON NESBITT, through undersigned counsel, requesting that Counsel for the United States secure a ruling from the Court on the following matter prior to introduction of such evidence to the jury:

> Introducing evidence of Avis rental car jacket that has Defendant's name and driver's license number handwritten on it (See Exhibit 1), as such evidence is hearsay and cannot be authenticated.

**I.   ARGUMENT**

Federal Rule of Evidence 801 defines hearsay as an out-of-court statement offered to prove the truth of the matter asserted in it, made by someone other than the witness testifying at trial. Exhibit 1 has an out of court statement in the form of handwriting by an unknown or unidentified person. The handwriting is Defendant's last name and California driver's license number. Nothing identifies the author of the writings, nor the purpose or significance of the writings. Based on information available to the Defendant at the time of the filing of tis Motion, the declarant will not be at trial to testify. The only reason for proffering such evidence would be to attempt to prove that Defendant was a part of the rental car transaction and therefore somehow guilty of the charged crimes.

1

Hearsay is not admissible unless any of the following so provides:

1. A federal statute;

2. The Federal Rules of Evidence; or

3. Other Rules prescribed by the Supreme Court.

FRE 802. None of the above referenced sources make the hearsay statement on Exhibit 1 admissible. FRE 803 does include multiple exceptions to the rule against hearsay. However, none of 23 identified exceptions apply to the handwriting on Exhibit 1. The handwriting on the document is hearsay and must be excluded.

Similarly, the handwriting has not been authenticated. It is unknown who made the writing, when the writing was made and the purpose of the writing. In fact, the handwritten "Nesbitt" is incorrectly contained in the Car Space Number. Under FRE 901, satisfaction of the requirement of authenticating or identifying an item of evidence requires the proponent to produce evidence sufficient to support the finding that the item is what the proponent claims it is. The Fifth Circuit is clear that, although a witness authenticating a document need not be its author, the witness "must at least have some 'direct knowledge of the source' to authenticate a document." *Balboa Capital Corp. v. Okoji Home Visits MHT, L.L.C.*, 111 F.4th 536, 548 (5th Cir. 2024). Here, that is not met. The prosecution has no knowledge of the source of the document, who authored it, when it was created, and the purpose for which it was created.

## II.    PRAYER

WHEREFORE, Mr. Nesbitt prays that this Court suppress any evidence related to the Avis rental car document containing his handwritten name and driver's license, order the government and all witnesses to refrain from mentioning or alluding to such evidence in any way at any stage

of the trial unless and until the Court has ruled it to be admissible after a hearing outside the presence of the jury

                                  Respectfully submitted,

                                  Slater C. Elza
                                  State Bar No. 24000747
                                  slater.elza@uwlaw.com
                                  UNDERWOOD LAW FIRM, PC
                                  P.O. Box 9158
                                  Amarillo, Texas 79105
                                  Phone: (806) 376-5613
                                  Fax:    (806) 379-0316

        By:     */s/ Slater C. Elza*
                         Slater C. Elza

                            ATTORNEY FOR CAMERON NESBITT

## **CERTIFICATE OF CONFERENCE**

I certify that on February 9 and 10, 2026, I conferred with Assistant United States Attorney Stephen Rancourt concerning the foregoing motion. The parties were able to resolve other potential issues related to other possible Motion in Limine subjects but were not able to reach agreement on the one remaining issue identified herein. Accordingly, the Government is opposed to the relief requested.

                                  */s/ Slater C. Elza*
                                  Slater C. Elza

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, this motion was served by electronic means on Assistant United States Stephen Rancourt.

                                  */s/ Slater C. Elza*
                                  Slater C. Elza



EXHIBIT 1