IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:25-CR-088-Z-BR (2) |
| CAMERON NESBITT (2) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION IN LIMINE**

The United States of America (the "government") files this response to defendant Cameron Nesbitt's Motion in Limine. Nesbitt seeks to exclude any evidence of a vehicle rental slip containing his handwritten name and driver's license number. Nesbitt argues that the rental slip is hearsay and that the handwriting on the document has not been authenticated.

Nesbitt's motion should be denied. The rental slip is not hearsay and does not need any additional authentication to be admissible.

1. **Relevant Factual Background**

On August 2, 2025, Edgar Castillo, a trooper with the Texas Department of Public Safety (DPS), was on patrol on Interstate 40 in Oldham County, Texas, when he observed a black Toyota Corolla traveling above the posted speed limit, in violation of the Texas Transportation Code. The trooper stopped the vehicle for the violation. The driver was identified as Johian Scott and the passenger was identified as Cameron Nesbitt.

Trooper Castillo explained the reason for the traffic stop and told Scott that he would issue a warning. As Scott exited the vehicle, Trooper Castillo spoke with Nesbitt. Nesbitt stated that he and Scott, who Nesbitt stated was his longtime friend, were

traveling from California to Georgia to visit Nesbitt's brother. Trooper Castillo asked Nesbitt what Scott's name was, but Nesbitt could not answer. Nesbitt also could not say where he and Scott would be staying upon reaching their destination.

While the trooper conducted routine checks on his computer, the trooper spoke with Scott. Scott stated that his girlfriend had rented the vehicle, and that he and Nesbitt would be staying with Nesbitt's brother in Georgia.

Based on Scott and Nesbitt's conflicting stories, Trooper Castillo requested a canine unit to respond to his location. DPS Trooper Trevor Topper and his canine responded to the scene and conducted a free-air sniff around the vehicle. Trooper Topper's canine positively alerted to the odor of narcotics. Trooper Castillo then conducted a probable cause search of the vehicle and located a large black duffle bag containing numerous bundles of suspected methamphetamine. The suspected methamphetamine was subsequently sent to the Drug Enforcement Administration (DEA) laboratory and confirmed to be a total of 44.12 net kilograms of methamphetamine with an actual weight of 43.67 kilograms and a purity of 99%.

Scott and Nesbitt were arrested on scene. Inside Scott's pocket was an Avis vehicle rental company document. Nesbitt's driver's license number was handwritten next to the word, "name," and the word "Nesbitt" was handwritten next to the line, "car space number":

 

**Figure 1**     **Figure 2**

There was no handwriting on the document beyond the words "Nesbitt" and Nesbitt's driver's license number. In addition, the trooper located a rental agreement for the vehicle, which appeared to have been rented by a "Brianna Williams" out of Lancaster, California.

2. **Legal Framework and Argument**

The government intends to offer at trial photographs of the rental slip containing Nesbitt's handwritten name and driver's license number. The evidence is relevant because the slip, found in Scott's pocket, shows Nesbitt's connection to his co-conspirator, and thus goes to the issue of Nesbitt's knowledge that the vehicle he was traveling in contained a distributable quantity of methamphetamine.

Nesbitt correctly states that the government is unable to prove who wrote Nesbitt's name and driver's license on the rental slip. But Nesbitt is incorrect that the government must authenticate the handwriting on the document for it to be admissible.

"'Hearsay' means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) the party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A "statement," in turn, "means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Testimony not used to establish the truth of the assertion, however, "does not fall under the proscriptions against the use of hearsay." *United States v. Vizcarra–Porras,* 889 F.2d 1435, 1439 (5th Cir. 1989).

Here, the contents of the rental slip are non-hearsay because the words "Nesbitt" and Nesbitt's driver's license number are not "statement[s]" for hearsay purposes. The rental slip will not be offered to prove "the truth" of whatever this text might "assert[]." Whether the car rental company indeed has a "Car Space No." titled "Nesbitt" is both unlikely and immaterial. But the mere fact that Nesbitt's handwritten name and identifying information is found on a rental slip inside Scott's pocket proves not only Nesbitt's connection to the vehicle, but also Nesbitt's connection to the driver. *See, e.g., United States v. Hernandez*, 668 F.2d 824, 829 (5th Cir. 1982) (finding that receipt for a gun was not hearsay because it simply demonstrated a link between the defendant and where evidence was located—"As a circumstantial link between [defendant] and the [location] in which the contraband was found, the evidence was not hearsay and was properly introduced at trial."); *see also United States v. Mendoza-Oseguera*, 273 F.3d

393, 2001 WL 1013207, at *6 (5th Cir. 2001) (Prescription bottle with defendant's name on it located in the same room as cocaine evidence was admissible and not hearsay. Whether the defendant owned the prescription bottle was immaterial and it demonstrated a link between defendant and the location where the drugs were found.); *see also United States v. Arrington*, 618 F.2d 1119, 1126 (5th Cir. 1980) (utility bills with defendant's name not hearsay because they were not offered to prove their contents, but rather that the residence belonged to defendant).

If, for example, the rental slip instead read, "I, Cameron Nesbitt, am in possession of the 44 kilograms of methamphetamine inside the trunk of this vehicle," that would unquestionably be an out of court statement offered for the truth of the matter asserted and would invoke the rules against hearsay (absent an exception). But the Court need not address whether a hearsay exception applies here, because the document will not be offered for the truth of the matter asserted and it is otherwise admissible.

As to the form of the writing, Nesbitt argues that the rental slip is inadmissible because the government is unable to authenticate the handwriting on the document, and that Fifth Circuit precedent requires that a witness "must at least have some 'direct knowledge of the source' to authenticate a document." (Defendant's Motion, Dkt. 55, at 2 (citing *Balboa Capital Corp. v. Okoji Home Visits MHT, L.L.C*, 111 F.4th 536, 548 (5th Cir. 2024.) But in *Balboa Capital Corp.*—a civil case brought by victims of a financial fraud—the issue was whether certain corporate invoices attached to witness declarations could be properly authenticated under Federal Rule of Evidence 901. *Balboa Capital Corp.*, 111 F.4th at 542, 548. Here, there is no question that this particular document (or

an exact photocopy) is precisely what was recovered from Scott's pocket.

Federal Rule of Evidence 901 "merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be." *United States v. Watkins*, 591 F.3d 780, 787 (5th Cir. 2009). Further, "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item" can form the circumstantial evidence to satisfy the requirement for authentication. Fed. R. Evid. 901(b)(4). Here, the government intends on showing that, inside the driver's pants pocket, there was a vehicle rental company document containing Nesbitt's handwritten name and driver's license number. In other words, the troopers can testify that the evidence is what is claimed. *See* Fed. R. Evid. 901(a), (b)(1). Those facts "provide sufficient evidence of authenticity" to admit the document for the jury's consideration. *Watkins*, 491 F.3d at 787.

### 3. Conclusion

The Court should deny Nesbitt's Motion in Limine and allow the government to offer this evidence for the purposes described above.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
STEPHEN J. RANCOURT
Assistant United States Attorney
Texas State Bar No. 24079181
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7398
Facsimile:   806-472-7394
E-mail:      stephen.rancourt@usdoj.gov