IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CR-88-Z-BR |
| | § | |
| CAMERON NESBITT | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CAMERON NESBITT'S TRIAL BRIEF

Defendant Cameron Nesbitt (the Defendant) files his Trial Brief as follows. Defendant Cameron Nesbitt is charged with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846; and Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii). Nesbitt's co-defendant, Johian Scott, pled guilty to Count One of the Indictment.

The Defendant may call the following witnesses in the following order:

1. Johian Scott
2. Brianna Williams
3. DEA Task Force Officer Vernon Wilson

All of the Defendants proposed exhibits have been stipulated to without objection by the Government.

This is a drug-trafficking case with straightforward facts. Defendant Cameron Nesbitt and his co-defendant were in a vehicle rented by his co-defendant's girlfriend and driven by the co-defendant that was transporting approximately 97.2 pounds of

methamphetamine. The Defendant was present in the vehicle at the time of the stop, search and arrests.

Stipulated Testimony

The government and defendant have signed one stipulation concerning the anticipated testimony of DEA Senior Forensic Chemist Kevin J. Roberson, and another concerning the anticipated testimony of DEA Senior Fingerprint Specialist Stacey M. Loggins. Both stipulations have been signed by the parties, including the Defendant, and pre-admitted as Government's Exhibits 3 and 38, respectfully.

Legal Issues

Defendant Nesbitt argues that he will be entitled to a jury instruction on "mere presence" at the conclusion of the evidence. The joint proposed jury charge on file with the Court contains such proposed instructions. Under controlling law, there must be some nexus between the accused passenger and the drugs found in a vehicle. "Proof of physical proximity to controlled drugs is not sufficient to establish either actual or constructive possession . . . mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." *United States v. Ferg*, 504 F.2d 914, 917 (5th Cir. 1974)(internal quotations omitted). The Fifth Circuit is "reluctant to infer constructive possession of contraband by one occupant when there is evidence in the record explicitly linking the contraband to another occupant. United *States v. Crain*, 33 F.3d 480, 486 (5th Cir. 1994). A Defendant must not be "speculated into a conviction" and a jury may not "pile inference upon inference" to convict. "Mere presence does not suffice to

prove knowledge or participation in a drug conspiracy, nor does it provide sufficient evidence of either knowing possession of drugs or aiding and abetting." *United States v. Salinas-Galvan*, 62 F.3d 396 (5th Cir. 1995).

In *United States v. Ferg*, 504 F.2d 914, 917 (5th Cir. 1974), the court reversed a conviction when the only evidence presented by the government was that the defendant was a passenger of the vehicle where the drugs were concealed and was traveling with the person who admitted to purchasing the drugs. That evidence did not show possession or intent to distribute. In that case, the driver did not implicate the passenger and took full responsibility, there was no evidence that the two had been traveling together for a sustained period after the drugs were obtained by the driver, and there was no evidence that the passenger paid for any portion of the rental or ever drove the vehicle. *Id*.

In *United States v. Moreno-Hinojosa*, 804 F.2d 845, 847 (5th Cir. 1986), the court reversed a passenger's conviction of possession with intent to distribute when the evidence at trial showed that the passenger did not have a key to the vehicle, did not have drug residue on his clothes, and the passenger's fingerprints were not present on any packages of drugs. The only evidence offered by the government against the passenger in Moreno showed:

> at most, that [the passenger] knew [the driver], rode on a trip he may have known was improper, had $200 in cash, had two prior convictions, and misrepresented to some degree his job situation and friendship with [the driver] to government agents after his arrest. Even if [passenger] knew that [driver] was making an illegal marihuana run, this fact would not be sufficient evidence to establish his possession without an additional showing that he was riding in the truck to participate in the possession and distribution. The government did not make this additional showing even

circumstantially beyond a reasonable doubt.

*Id*. Thus, even if Mr. Nesbitt knew that the driver intended to transport drugs during their ride, that alone is insufficient to prove Mr. Nesbitt's possession of the drugs.

A recent case that addressed this issue was *United States v. Campos-Ayala*, 70 F.4th 261, 264 (5th Cir.), reh'g en banc granted, opinion vacated, 81 F.4th 460 (5th Cir. 2023), and on reh'g en banc, 105 F.4th 235 (5th Cir. 2024). The court began its analysis with the law:

> [T]he government must establish [an] adequate nexus between the accused and the prohibited substance. Mere presence in the area where drugs are found is insufficient to support a finding of possession and we have not hesitated to reverse a conviction when the evidence has shown only that the defendant ran with bad company. Ultimately, the determination of whether constructive possession exists is not a scientific inquiry, and the court must employ a common sense, fact-specific approach.

*United States v. Campos-Ayala*, 70 F.4th 261, 266 (5th Cir.), reh'g en banc granted, opinion vacated, 81 F.4th 460 (5th Cir. 2023), and on reh'g en banc, 105 F.4th 235 (5th Cir. 2024) (internal citations omitted).

Accordingly, the Defendant will be asking the Court to include such an instruction or instructions in the final jury charge provided to the jury.

Conclusion

At the conclusion of the trial, the Defendant will ask the jury to return a not guilty verdict as to Count One and Count Two.

        Respectfully submitted,

        Slater C. Elza
        State Bar No. 24000747
        UNDERWOOD LAW FIRM, P.C.
        slater.elza@uwlaw.com
        P.O. Box 9158
        Amarillo, Texas  79105
        Telephone:  (806) 376-5613
        Facsimile:  (806) 379-0316

By:   */s/ Slater C. Elza*
        Slater C. Elza

        ATTORNEY FOR DEFENDANT