IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

CAMERON NESBITT (2)

No. 2:25-CR-088-Z-2

## AMENDED AGREED PROPOSED JURY CHARGE

The United States of America respectfully submits the parties' Amended Agreed Proposed Jury Charge in accordance with the Court's Criminal Scheduling Order. All instructions are drawn from the 2024 Fifth Circuit Pattern Jury Instructions unless otherwise noted.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*s/ Ann Howey*
ANN HOWEY
Assistant United States Attorney
Texas State Bar No. 24032312
1205 Texas Avenue, Seventh Floor
Lubbock, Texas 79424
Telephone:    806-472-7351
Facsimile:    806-472-7394
E-mail:        ann.howey@usdoj.gov

s/ Slater Elza by permission
SLATER ELZA
ATTORNEY FOR CAMERON NESBITT

**Cameron Nesbitt**
**Proposed Jury Charge – Page 1**

# 1.01 PRELIMINARY INSTRUCTION

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### *Duty of the jury:*

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

### *Evidence:*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.     Statements, arguments, and questions by lawyers are not evidence.

2.     Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be

influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.  Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.  Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First:*    The defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second:*    The burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence, or to

present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*:    The government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

### Summary of applicable law:

In this case the defendant is charged by a two-count indictment with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine in Count One and Possession with Intent to Distribute 500 Grams or More of Methamphetamine in Count Two.  I will give you detailed instructions on the law at the end of the case and those instructions will control your deliberations and decision.  But to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

### Count One:  Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine

*First*:    That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute methamphetamine;

*Second*:    That the defendant knew of the unlawful purpose of the agreement;

*Third*:    That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

*Fourth*:    That the overall scope of the conspiracy involved at least 500 grams

of a mixture and substance containing a detectable amount of

methamphetamine; and

*Fifth*:     That the defendant knew or reasonably should have known that the

scope of the conspiracy involved at least 500 grams of a mixture and

substance containing a detectable amount of methamphetamine.

### Count Two:  Possession with Intent to Distribute 500 Grams or More of Methamphetamine

*First*:     That the defendant knowingly possessed a controlled substance;

*Second*:     That the substance was in fact methamphetamine;

*Third*:     That the defendant possessed the substance with the intent to

distribute it; and

*Fourth*:     That the quantity of the substance was at least 500 grams.

***Conduct of the jury***:

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom. I know that many of you use cell

phones, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial***:

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments. The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and

the court will instruct you on the law.  After that, you will retire to deliberate on your

verdict.  The trial will now begin.

## 1.03 INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges; the other is the jury.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses.   Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

## 1.04 DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.   But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## 1.05 PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.   The defendant begins with a clean slate.   The law does not require the defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.   While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important decisions of your own affairs.

## 1.06 EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.   To do so, you must consider only the evidence presented during the trial.   Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.   The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.   What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.   You must disregard those questions and those exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.   Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.   Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.   Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial as stating that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## 1.08 EVIDENCE - INFERENCES - DIRECT AND CIRCUMSTANTIAL (ALTERNATIVE B)

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence.   But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.09 CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant]** who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions:

Did the witness impress you as honest?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness have any relationship with either the government or the defense?

Did the witness seem to have a good memory?

Did the witness clearly see or hear the things about which he or she testified?

Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

Did the witness's testimony differ from the testimony of other witnesses?

These are a few of the considerations that will help you determine the accuracy of what each witness said. **[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]** Your job is to

think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 1.18 EXPERT OPINION TESTIMONY

During the trial you heard the testimony of Vernon Wilson who expressed opinions concerning the methods of operation unique to drug trafficking. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## 1.19 ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about specific dates.   The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime alleged in Counts One and Two on a date reasonably near August 2, 2025, the date stated in the indictment.

## 1.21 CAUTION – CONSIDER ONLY THE CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.   The defendant is not on trial for any act, conduct or offense not alleged in the indictment.   Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.22 CAUTION – PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

## 1.23 SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## 1.41 "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

# 1.33 POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person, who knowingly had direct physical control over a thing, at a given time, is in actual possession of it.

Mere touching or physical contact alone is insufficient by itself to establish possession.

A person who, although not in actual possession, knowingly has both power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## 2.97 CONTROLLED SUBSTANCES – CONSPIRACY

With regard to Count One of the indictment, Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.  In this case, the defendant is charged with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

Methamphetamine is a controlled substance within the meaning of federal law.

For you to find the defendant guilty of Count One of the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt.

Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or More of Methamphetamine:

*First:*        That two or more persons, directly or indirectly, reached an agreement to distribute and possess with intent to distribute methamphetamine;

*Second:*        That the defendant knew of the unlawful purpose of the agreement;

*Third:*        That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

*Fourth:*        That the overall scope of the conspiracy involved at least 500 Grams of methamphetamine; and

*Fifth:*         That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 500 Grams of methamphetamine.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## 2.04 – AIDING AND ABETTING; 2.95A CONTROLLED SUBSTANCES – POSSESSION WITH INTENT TO DISTRIBUTE

With regard to Count Two of the indictment, the defendant is charged with Possession with Intent to Distribute 500 Grams or More of Methamphetamine. The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds that defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was

committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of the crime alleged in Count Two of the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt.

Possession with Intent to Distribute 500 Grams or More of Methamphetamine:

*First*:        That the defendant knowingly possessed a controlled substance;

*Second*:        That the substance was in fact methamphetamine;

*Third*:        That the defendant possessed the substance with the intent to distribute it; and

*Fourth*:        That the quantity of the substance was at least 500 grams of methamphetamine.

Methamphetamine is a controlled substance within the meaning of the law.  To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## 1.26 DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.   In particular, do not let racial, ethnic, national origin or other bias influence your decision in any way.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.   Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

*[Explain verdict form]*

The foreperson will write the unanimous answer of the jury in each of the spaces provided, either guilty or not guilty.   At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the indictment, until after you have reached a unanimous verdict.

# Proposed Verdict Form:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:25-CR-088-Z-2 |
| CAMERON NESBITT (2) | |

## <u>VERDICT OF THE JURY</u>

We, the Jury, find the defendant, **Cameron Nesbitt**:

**Count One of the indictment** – Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine

_____    Guilty

_____    Not Guilty

**Count Two of the indictment** – Possession with Intent to Distribute 500 Grams or More of Methamphetamine

_____    Guilty

_____    Not Guilty

_____
FOREPERSON

_____
DATED